DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Nathaniel Portman, appeals from his convictions in the Akron Municipal Court. This Court affirms.
 I. {¶ 2} Appellant and Kelly Skvarka, the victim herein, were friends who lived together at 445 Dayton Street in Akron, Ohio. Appellant and Ms. Skvarka were evicted from this property for non-payment of rent. Pursuant to the eviction, the tenants had to vacate the premises by July 18, 2005.
 {¶ 3} On Saturday, July 16, 2005, Ms. Skvarka was at the 445 Dayton Street home packing her belongings. Gordon Brooks, a friend of Ms. Skvarka, was also present to assist her with packing and moving. By late afternoon, Mr. Brooks had left the residence and Appellant had arrived. Thereafter, Ms. Skvarka questioned Appellant about money he owed her. The discussion became heated as Appellant grew increasingly agitated. Appellant yelled at Ms. Skvarka and called her various names. He then picked up a box of books and threw it at her. The force of this blow knocked her to the ground. While she was lying on the ground, Appellant repeatedly kicked her. As he inflicted these blows, Appellant repeatedly threatened Ms. Skvarka and told her that if she called the police, he would find her and beat her again. Appellant then left the residence. Although injured and in pain, Ms. Skvarka continued to pack her belongings because she was required to move her belongings out by the July 18, 2005 deadline. Ms. Skvarka did not call the police at this time because she feared Appellant.
 {¶ 4} As a result of the attack, Ms. Skvarka had bruises all over her body in addition to a swollen wrist and ankle. On Monday, July 18, 2005, Ms. Skvarka sought medical attention for her injuries at St. Thomas Hospital. Ms. Skvarka was examined by a nurse from the DOVE (Developing Options for Violent Emergencies) unit. The nurse persuaded Ms. Skvarka to report her injuries to the Akron Police Department ("APD"). The nurse then called the police. Officer Brian Nida of the APD came to the hospital to examine Ms. Skvarka. Officer Nida then drew up charges against Appellant which Ms. Skvarka signed.
 {¶ 5} On July 18, 2005, Appellant was charged with one count of domestic violence, in violation of Akron City Code ("A.C.C.") 135.16(A) and one count of domestic violence menacing, in violation of A.C.C. 135.16(C). At his July 20, 2005 arraignment, these charges were amended to one count of assault, in violation of A.C.C. 135.03 and one count of menacing, in violation of A.C.C. 135.06. Appellant pled not guilty to both charges. The matter proceeded to trial on September 15, 2005. At the close of the State's case and at the close of all evidence, Appellant unsuccessfully moved for a Crim.R. 29(A) motion for acquittal. Appellant was convicted on both charges and sentenced to 180 days on the assault charge and 30 days on the menacing charge. Appellant was additionally fined $500.00. The trial court further ordered that Appellant have no contact with Ms. Skvarka. Appellant filed a timely notice of appeal, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR I
"APPELLANT[`S] CONVICTIONS FOR ASSAULT AND MENACING WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ART.IV, § 3 OF THE CONSTITUTION OF THE STATE OF OHIO, THUS CREATING A MANIFEST MISCARRIAGE OF JUSTICE BECAUSE THE GREATER WEIGHT OF THE EVIDENCE SHOWED THAT APPELLANT WAS NOT AT THE SCENE WHEN THE OFFENSES OCCURRED."
 {¶ 6} In his sole assignment of error, Appellant argues that his convictions for assault and menacing were against the manifest weight of the evidence. This Court disagrees.
 {¶ 7} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citingState v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). When a defendant asserts that his convictions are against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 8} Appellant was convicted of assault, in violation of A.C.C. 135.03, which prohibits a person from knowingly or recklessly causing serious physical harm to another. Appellant was additionally convicted of menacing, in violation of A.C.C. 135.06, which proscribes a person from "knowingly caus[ing] another person to believe that [he] will cause physical harm to the person or property of the other person[.]"
 {¶ 9} Here, Appellant contends that the jury erred in convicting him of the charged offenses because his alibi witness, Vicky Knight, established that he was not at the residence at the time Ms. Skvarka claims to have been assaulted. Ms. Knight was the only witness who testified on Appellant's behalf. Ms. Knight testified that Appellant was with her and her family from mid-morning on Saturday until early Sunday morning. More specifically, Ms. Knight testified that Appellant was with her family at the Cuyahoga Falls Natatorium from early afternoon until about 6:30 p.m. She testified that at about 6:30 p.m., Appellant left with her and her family and that he did not return home until approximately 2:00 a.m. She also testified that she saw Ms. Skvarka on Sunday, July 17, 2005 and that she did not appear to have suffered any injuries.
 {¶ 10} The State presented testimony from Ms. Skvarka, Mr. Brooks, Officer Nida and the DOVE nurse. Both the DOVE nurse and Officer Nida testified that Ms. Skvarka's story was consistent that Appellant became agitated with her when she asked him about money he owed her, that he then threw a box of books at her, repeatedly kicked her and threatened her. The DOVE nurse and Officer Nida also testified that the injuries were consistent with Ms. Skvarka's explanation of the assault. The DOVE nurse authenticated photographs she had taken of Ms. Skvarka during her examination. The photographs showed that, approximately two days after the assault, Ms. Skvarka's body was covered in bruises.
 {¶ 11} In contrast to Ms. Knight's testimony that Appellant was not at the residence during the afternoon and evening of July 16, 2005, Mr. Brooks testified that Appellant was at the residence during the afternoon of Saturday, July 16, 2005. Mr. Brooks also testified that when he saw Ms. Skvarka later that night, she was on crutches and had a brace on her arm. Appellant contends that this testimony contradicts testimony from Ms. Svarka, the nurse and Officer Nida that she did not visit the emergency room until Monday, July 18, 2005.
 {¶ 12} In addition, Appellant notes that there was conflicting evidence presented regarding when Ms. Svarka claims that the attack occurred. Officer Nida testified that when he interviewed Ms. Svarka, she said the attack occurred around 6:00 or 6:30 p.m. Appellant claims that at trial, Ms. Svarka testified that the attack occurred around 4:30 p.m. Upon review of her testimony, we find that the testimony regarding when the attack occurred was not contradictory. Ms. Svarka did not specifically state that the attack occurred at 4:30 p.m. Rather, she testified that the altercation occurred after she returned from the storage unit and that she thought that she had returned at around 4:00 or 4:30 p.m., but that she was not certain about that time frame.
 {¶ 13} However, even if the latter testimony was contradictory, "[a] conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at *7; State v. Suttles (Nov. 15, 2000), 9th Dist. No. 19453, at *4. We will not disturb the trial court's determinations regarding the witnesses' credibility as "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact is in the best position to judge the credibility of the witnesses and found that Appellant committed the charged offenses.
 {¶ 14} After a review of the evidence, we cannot say that the jury lost its way and created a miscarriage of justice when it convicted Appellant of assault and menacing. The statutes require (1) a belief on the part of Ms. Svarka that Appellant will cause physical harm or mental distress to her and (2) that Appellant knowingly or recklessly inflicted the injuries. See A.C.C. 135.03; A.C.C. 135.06. Given the testimony and physical evidence, this is not a case where the evidence weighs heavily in favor of Appellant, meriting a new trial. Accordingly, Appellant's convictions for menacing and assault were not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
 III. {¶ 15} Appellant's sole assignment of error is overruled, and the judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J., Boyle, J., concur.